**SEALED**

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JUL 08 2025

BY: /s/ _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 6:25cr11 |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| TOMMIE LEE NELSON, ) | In violation of: |
| ) | 18 U.S.C. § 1343 |
| Defendant. ) | |

FILED BY____AR____D.C.

*Jul 17, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

The Grand Jury charges:

Our case number: 25mj6452-AOV

### INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment, the VICTIM lived in Halifax County, Virginia, located within the Western District of Virginia, and the defendant, TOMMIE LEE NELSON, represented himself as the president of Hugh Johnson Enterprises Inc. ("HJE"), a Florida corporation.

2. The VICTIM maintained three bank accounts in the Western District of Virginia, with account numbers ending in 2827 ("2827 bank account"), 9677 ("9677 bank account"), and 3070 ("3070 bank account").

3. Beginning in approximately March 2020, the VICTIM sought to purchase a commercial building located in Danville, Virginia ("the BUILDING"), within the Western District of Virginia, in partnership with a national, agricultural cooperative ("the CO-OP"). The BUILDING would be used to process crops and manufacture products for the VICTIM and the CO-OP.

4. To help the VICTIM finance the BUILDING purchase, a member of the CO-OP sought to find a commercial real estate lender. Through the member's efforts,

NELSON contacted the VICTIM by phone and advised that he could help purchase the BUILDING.

## THE SCHEME TO DEFRAUD

5. From approximately June 2020, and continuing through approximately June 2022, in the Western District of Virginia and elsewhere, the defendant, TOMMIE LEE NELSON, did knowingly and with the intent to defraud, devise and intend to devise, a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

6. NELSON's scheme entailed falsely presenting himself to the VICTIM as a hard money lender and potential business partner who would loan money to purchase the BUILDING. NELSON falsely represented to the VICTIM that he would be responsible for negotiating with the BUILDING seller and the seller's representative to close the BUILDING purchase.

7. During the scheme, NELSON requested and persuaded the VICTIM to send him multiple payments, totaling approximately $455,000, or more, which NELSON falsely told the VICTIM would go toward and facilitate the BUILDING purchase. NELSON opened a bank account in the name of HJE, with an account number ending in 2870 ("2870 bank account"), to receive the VICTIM's money. NELSON used the VICTIM's money for personal reasons and his own benefit, gain, and enjoyment, which included gambling and paying NELSON's associates. The VICTIM did not authorize NELSON to use the VICTIM's money in this way.

8. NELSON did not take good faith steps toward purchasing the BUILDING. Rather, throughout the scheme, he delayed the purchase and conveyed a false impression to the VICTIM that he was actively trying to complete the purchase. NELSON kept the VICTIM under this false impression through several means, including:

   a. Traveling to Virginia to meet the VICTIM and view the BUILDING in person.

   b. Assuring the VICTIM that her money would be held in escrow, although he received it in and spent it from his 2870 bank account.

   c. Sending the VICTIM a purported loan pre-qualification certificate from another lender. NELSON said this additional loan would fund operations and other expenses related to the BUILDING.

   d. Giving the VICTIM false excuses for the delays, including that he was renegotiating the BUILDING sales price.

## COUNTS ONE THROUGH SIX
*Wire Fraud*

9. The factual allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

10. On or about the dates set forth in the separate counts below, in the Western District of Virginia and elsewhere, the defendant, TOMMIE LEE NELSON, for the purpose of executing the scheme and artifice described above, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| COUNT | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|
| 1 | July 28, 2020 | $350,000 | Electronic funds transfer ("EFT") from the VICTIM's 2827 bank account to NELSON's 2870 bank account. |
| 2 | Nov. 16, 2020 | $10,000 | EFT from the VICTIM's 9677 bank account to NELSON's 2870 bank account. |
| 3 | Nov. 17, 2020 | $70,000 | EFT from the VICTIM's 9677 bank account to NELSON's 2870 bank account. |
| 4 | Jan. 20, 2021 | $10,000 | EFT from the VICTIM's 2827 bank account to NELSON's 2870 bank account. |
| 5 | Jan. 21, 2021 | $10,000 | EFT from the VICTIM's 9677 bank account to NELSON's 2870 bank account. |
| 6 | Feb. 18, 2021 | $5,000 | EFT from the VICTIM's 3070 bank account to NELSON's 2870 bank account. |

11. All in violation of 18 U.S.C. § 1343.

## **NOTICE OF FORFEITURE**

12. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant, TOMMIE LEE NELSON, shall forfeit to the United States:

   a. Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

4

   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this 8th day of July, 2025.

/s/ *Grand Jury Foreperson*
GRAND JURY FOREPERSON

_____
ZACHARY T. LEE
Acting United States Attorney